# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

RICHARD GEIGER; and DENIS
TWOMEY,

        Plaintiffs,

v.                                      Case No. 6:16-cv-1477-Orl-37GJK

FLORIDA HOSPITAL MEMORIAL
MEDICAL CENTER; ACCELERATED
CLAIMS, INC.; and HALIFAX HEALTH
MEDICAL CENTER OF DAYTONA
BEACH,

        Defendants.

---

# ORDER

This cause is before the Court on the following:

1.     The Court's Order to Show Cause (Doc. 8), filed August 24, 2016;

2.     Plaintiffs' Memorandum in Response to Court Order Requesting Briefing on Supplemental Jurisdiction (Doc. 19), filed September 12, 2016;

3.     Defendant[] Florida Hospital Memorial Medical Center's[] Response to Plaintiff[s'] Memorandum in Response to Court Order (Doc. 38), filed September 29, 2016;

4.     Defendant Halifax's Response to Plaintiffs' Memorandum Responding to Court's Order to Show Cause (Doc. 40), filed September 30, 2016; and

5.     Defendant Accelerated Claims, Inc.'s Response to Plaintiffs' Memorandum in Response to Court Order Requesting Briefing on Supplemental Jurisdiction (Doc. 41), filed October 3, 2016.

**BACKGROUND**

On August 18, 2016, Plaintiffs Richard Geiger ("**Geiger**") and Denis Twomey ("**Twomey**") initiated this purported class action against Defendants Florida Hospital Memorial Medical Center ("**Florida Hospital**"), Accelerated Claims, Inc. ("**Accelerated Claims**"), and Halifax Health Medical Center of Daytona Beach ("**Halifax**"). (Doc. 1 ("**Complaint**").) While the Complaint asserts claims for violations of the Fair Debt Collection Practices Act ("**FDCPA**") and Florida's Consumer Collection Practices Act ("**FCCPA**"), the crux of Plaintiffs' grievances is Defendants' attempt to enforce hospital liens under a statutory lien law that Plaintiffs believe to be invalid. (*See id.*) Their contention is premised on a 2012 Florida Supreme Court decision, which held that an Alachua County lien law was unconstitutional under the plain language of article III, section 11(a)(9) of the Florida Constitution. *Shands Teaching Hosp. & Clinics, Inc. v. Mercury Ins. Co. of Fla.*, 97 So. 3d 204 (Fla. 2012). Plaintiffs maintain that this aspect of the *Shands* decision applies with equal force to the Volusia County lien law, which authorizes the hospital liens at issue in this action. (*See* Doc. 1, ¶¶ 19–21.)

The Complaint contains four counts. For his part, Geiger asserts: (1) a FDCPA claim against debt collector Accelerated Claims ("**Count I**"); (2) a FCCPA claim against Accelerated Claims ("**Count II**"); and (3) a FCCPA claim against Florida Hospital ("**Count III**"). (Doc. 1, ¶¶ 42–62.) Geiger's claims arise from the collection efforts of Florida Hospital and Accelerated Claims in connection with a hospital lien filed against him for unpaid medical charges that he incurred following an automobile accident. (*Id.*, ¶¶ 3, 7, 24.) Twomey, who also incurred medical charges after an automobile accident, similarly asserts a FCCPA claim against Halifax ("**Count IV**"). (*Id.*, ¶¶ 63–69.) Twomey's claim is

premised on Halifax's filing of an allegedly invalid hospital lien against him.[1] (*Id.*, ¶¶ 9, 11, 12, 26.)

Geiger's FDCPA claim indisputably falls within the Court's federal question jurisdiction, and Plaintiffs purport to invoke the Court's supplemental jurisdiction over their respective FCCPA claims. (*Id.*, ¶ 14.) However, due to the seemingly predominant issues of state law in this action, the Court ordered the parties to show cause as to why it should not decline to exercise supplemental jurisdiction over Plaintiffs' FCCPA claims. (Doc. 8 ("**Show Cause Order**").) Each party responded to the Show Cause Order (Docs. 19, 38, 40, 41), and the Court held a hearing on the matter on October 13, 2016 ("**Hearing**") (*see* Doc. 47).

## STANDARDS

"The application of supplemental jurisdiction is statutorily controlled by 28 U.S.C. § 1367." *Palmer v. Hosp. Auth. of Randolph Cty.*, 22 F.3d 1559, 1566 (11th Cir. 1994). "The first part of that statute, section 1367(a), defines the permissible boundaries for the exercise of supplemental jurisdiction; that is, it delineates the *power* of the federal courts to hear supplemental claims and claims against supplemental parties." *Id.* "The second relevant portion . . . is section 1367(c), which describes the occasions on which a federal court may exercise its discretion not to hear a supplemental claim or admit a supplemental party, despite the *power* of the court to hear such a claim." *Id.*

Under the plain language of § 1367(a), courts have the power to exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy

---

[1] Geiger and Twomey's car accidents appear to be unrelated.

under Article III of the United States Constitution." Such power arises where the state and federal claims "derive from a common nucleus of operative fact" and "are such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (11th Cir. 1966).

That power, however, "need not be exercised in every case in which it is found to exist," as supplemental jurisdiction is a "doctrine of discretion, not of plaintiff's right." *Gibbs*, 383 U.S. at 726. "The breadth of discretion afforded federal courts in these cases has been codified by section 1367(c)," which "provides for four occasions when a federal court may decline to exercise supplemental jurisdiction otherwise within its power." *Palmer*, 22 F.3d at 1569. Specifically:

> district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if-- (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

"[W]hile supplemental jurisdiction *must* be exercised in the absence of any of the four factors of section 1367(c), when one or more of these factors is present, the additional *Gibbs* considerations may, by their presence or absence, influence the court in its decision concerning the exercise of such discretion." *Palmer*, 22 F.3d at 1569. Such factors include comity, judicial economy, convenience, fairness to the parties, and whether all the claims would be expected to be tried together. *Id.* (citing *Gibbs*, 383 U.S. at 725–26); *see also Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997)

**DISCUSSION**

Upon consideration of the parties' briefing, and with the benefit of oral argument at the Hearing, the Court finds that the exercise of supplemental jurisdiction over Plaintiffs' state law claims is warranted. Importantly, the Court concludes that the bulk of the case involves the contested validity of the subject liens. In light of this conclusion, not only do Geiger's claims against Accelerated Claims and Florida Hospital—which involve the same lien, debt, patient, and treatment—form part of the same case or controversy, but so does Twomey's claim against Halifax. Indeed, any ruling issued by the Court as to the validity of liens filed by Florida Hospital and Accelerated Claims under the contested statutory lien law would have inescapable implications on the validity of liens issued by Halifax under the same statute. Thus, pursuant to 28 U.S.C. § 1367(a), the Court has the *power* to exercise supplemental jurisdiction over Plaintiffs' state law claims.

Although the Court is still of the opinion that novel issues of state law will likely predominate in the instant action—namely, the validity of the applicable statutory lien law—the Court finds that the *Gibbs* factors weigh in favor of exercising supplemental jurisdiction over Plaintiffs' FCCPA claims. Indeed, were the Court to dismiss Counts II through IV, at least three parties to this action would be subjected to the inconvenience of litigating almost identical actions in two separate forums. Additionally, the separation of Plaintiffs' claims in multiple forums would open all parties to the possibility of inconsistent rulings. Thus, pursuant to its discretion under 28 U.S.C. § 1367(c), the Court elects to exercise supplemental jurisdiction over Plaintiff's state law claims in Counts II through IV of the Complaint.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Court's Order to Show Cause (Doc. 8) is **DISCHARGED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 27, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record