UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RICHARD GEIGER; and DENIS
TWOMEY

    Plaintiffs,

v.                                    Case No. 6:16-cv-1477-Orl37GJK

FLORIDA HOSPITAL MEMORIAL
MEDICAL CENTER; ACCELERATED
CLAIMS, INC.; and HALIFAX
HEALTH MEDICAL CENTER OF
DAYTONA BEACH,

    Defendants.

## ORDER

In the instant action, Plaintiffs assert claims against Defendants for violations of the Fair Debt Collections Practices Act and the Florida Consumer Collection Practices Act. (Doc. 1.) Defendants Accelerated Claims Inc. and Halifax Health Medical Center of Daytona Beach move to dismiss the Complaint for failure to state claims upon which relief can be granted. (Docs. 51, 53.) Concurrently, Defendant Florida Hospital Memorial Medical Center moves for judgment on the pleadings or, alternatively, summary judgment. (Doc. 62.) Plaintiffs responded to each of Defendants' motions (Docs. 57, 63), and Defendant Florida Hospital filed a reply in support of its alternative motion for summary judgment (Doc. 64). For the reasons set forth below, Accelerated Claims Inc.'s motion to dismiss is due to be granted, and the Court declines to exercise supplemental

jurisdiction over the remaining state-law claims.

## I. BACKGROUND

On January 27, 2016, Plaintiff Richard Geiger ("**Geiger**") received medical care at Florida Hospital Memorial Medical Center ("**Florida Hospital**") for injuries he sustained in a motor vehicle accident. (*See* Doc. 1, ¶¶ 1, 24.) Two days later, on behalf of Florida Hospital and pursuant to Volusia County's hospital lien law ("**Hospital Lien Law**"), Accelerated Claims Inc. ("**ACI**") sent Geiger a copy of a hospital lien claiming the amount owed for medical treatment—$1,840.75. (*See* Doc. 1-1 ("**Geiger Lien**").) The Geiger Lien indicated that it "[did] not represent any action or judgment against Richard Geiger" and that "it [was] limited to only proceeds arising from automobile insurance" ("**Disclaimer**"). (*See id.*) In addition, the Geiger Lien identified Geico Insurance Company ("**Geico**") as the party liable for Geiger's medical charges. (*Id.*)

Some months later, on May 1, 2016, Plaintiff Denis Twomey ("**Twomey**") received medical care at Halifax Medical Center of Daytona Beach ("**Halifax**"). (*See* Doc. 1, ¶ 26.) Thereafter, Halifax sent Twomey a copy of a hospital lien claiming entitlement to the amount of medical charges that Twomey incurred at Halifax—$21,777. (*See* Doc. 1-2 ("**Twomey Lien**") collectively with the Geiger Lien, "**Hospital Liens**".) The Twomey Lien also identified Geico as the party liable for Twomey's damages but did not contain a Disclaimer. (*See id.*)

Based on a recent Florida Supreme Court decision, which concluded that Alachua County's hospital lien law was unconstitutional under the Florida Constitution, *see Shands Teaching Hosp. and Clinics, Inc. v. Mercury Ins. Co. of Fla.*, 97 So. 3d 204, 207

(Fla. 2012), Plaintiffs allege that the Hospital Lien Law is also unconstitutional under the Florida Constitution. (Doc. 1, ¶ 21.) Consequently, Plaintiffs contend that the Hospital Liens are invalid. (*See id.* ¶¶ 8, 12.)

Based on the foregoing, Plaintiffs initiated the instant putative class action alleging that Defendants violated the Fair Debt Collection Practices Act ("**FDCPA**") and the Florida Consumer Collection Practices Act ("**FCCPA**") by asserting and attempting to collect on the Hospital Liens. (*See id* ¶¶ 42–69.) Specifically, Geiger asserts: (1) an FDCPA claim against ACI ("**Count I**"); (2) an FCCPA claim against ACI ("**Count II**"); and (3) an FCCPA claim against Florida Hospital ("**Count III**"). Twomey asserts a single FCCPA claim against Halifax ("**Count IV**"). (*Id.* ¶¶ 63–69.)

ACI and Halifax now move to dismiss the Counts alleged against them with prejudice. (Docs. 51, 53 ("**MTDs**").) Florida Hospital separately moves for judgment on the pleadings as to Count III under Federal Rule of Civil Procedure 12(c) or, alternatively, for summary judgment. (Doc. 62.) The motions have been fully briefed and are ripe for the Court's consideration.

## II.   LEGAL STANDARDS

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief

that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Under Rule 12(b)(6), a party may request dismissal of a pleading that falls short of these pleadings requirements. In resolving such motions, courts limit their consideration to the face of the complaint, its attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007); *see also Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016). Dismissal is warranted if, assuming the truth of the factual allegations of the complaint and drawing all reasonable inferences in a plaintiff's favor, there is a dispositive legal issue which precludes relief. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *see also Bailey v. Wheeler*, 843 F.3d 473, 480 (11th Cir. 2016).

### III.   ANALYSIS

**A.   FDCPA Claim**

To plead an FDCPA claim, a plaintiff must allege facts showing that: (1) he has been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. *See* 15 U.S.C. § 1692e; *see also Reese v. Ellis, Painter Ratterree & Adams, LLP*, 678 F.3d 1211, 1216 (11th Cir. 2012); *Deutsche Bank Nat'l Trust Co. v. Foxx*, 971 F. Supp. 2d. 1106, 1114 (M.D. Fla. 2013). ACI attacks the first two elements, contending that, under the FDCPA: (1) the Geiger Lien is not debt collection activity ("**Debt Collection Activity Argument**"); and (2) ACI is not a debt collector ("**Debt Collector Argument**"). (Doc. 51, pp. 6–12.) Each argument is addressed below.

1.      **Debt Collection Activity Argument**

Because "the FDCPA does not define 'debt collection,'" the courts have been required to identify "debt collection" activity on a case-by-case basis. *See Warren v. Countrywide Home Loans, Inc.*, 342 F. App'x 458, 460 (2009)[1] (affirming "district court's conclusion that foreclosing on a security interest is not debt collection activity"). Here, ACI contends that the Geiger Lien is not debt collection as a matter of law, but it cites no controlling law to that effect.[2] This matter of first impression in a developing area of the law is not easily resolved at the pleading stage.

Generally, courts have found FDCPA claims actionable where a communication is not itself a collection attempt but is merely connected to one. *See Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011); *see also Parker v. Midland Credit Mgmt., Inc.*, 874 F. Supp. 2d 1353, 1357 (M.D. Fla. 2012) (citing *Grden* with approval). The U.S. Court of Appeals for the Eleventh Circuit has yet to draw a bright line rule for determining when a communication is "connected" to a collection attempt; nonetheless, persuasive authority provides that the requisite connection is satisfied if a communication aims to make such collection more likely to succeed—that is, if the communication's animating

---

[1] While unpublished opinions are not binding precedent, they may be considered as persuasive authority. *See* 11th Cir. R. 36-2; *see also United States v. Almedina*, 686 F.3d 1312, 1316 n.1 (11th Cir. 2012).

[2] ACI cites one case where a Florida court recognized in *dicta* that the filing of a hospital lien may "be a step in eventually obtaining payment on a debt." *See Baker v. Baptist Hosp., Inc.*, 115 So. 3d 1123, 1125 (Fla. 1st DCA 2013). The Court declines to apply *Baker* here, as its ultimate holding concerned the "trade or commerce" requirement of a Florida Deceptive and Unfair Trade Practices Act claim, *Baker*, 115 So. 3d at 1124, which is not a requirement under the FDCPA.

purpose is to induce payment by the debtor. *See Grden*, 643 F.3d at 173; *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 385 (7th Cir. 2010).

Courts look at such communications objectively, considering several factors, *Gburek*, 614 F.3d at 386, including, the relationship between the parties and the content and context of the communication. *See Caceres*, 755 F.3d at 1303; *Gburek*, 614 F.3d at 385-86. As such, the absence of an explicit demand for payment is not necessarily dispositive of whether the animating purpose of a communication is to make collection more likely. *See Caceres*, 755 F.3d at 1303 n.2 (citing *Gburek*, 614 F.3d at 384–87.)

A communication concerning any debt can have more than one purpose, *Reese*, 678 F.3d at 1217, and ACI's communication concerning the Geiger Lien is no exception. "Animating," or not, at least one purpose of the Geiger Lien is to provide notice to Geico of the existence of the debt and put it on notice that payments to Geiger without satisfaction of the hospital debt will be at Geico's peril. But another purpose is undoubtedly to secure payment from Geiger, either directly or from his anticipated insurance proceeds. Indeed, it would defy logic to deny that the principle goal here is to secure payment of the debt. Further, ACI's identification of Geico as the liable party does not necessarily compel the inference that Florida Hospital—through ACI or otherwise—will not seek to collect the debt from Geiger if they receive less than full payment from Geico. Plainly a close question, the Court need not resolve the Debt Collection Activity Argument at the pleading stage in this case because—as explained below—ACI is not a debt collector under the FDCPA.

### 2.     Debt Collector Argument

Under the FDCPA, a "debtor collector" includes, *inter alia*: (1) "any person who uses an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts"; or (2) any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). But this term does not include "any person collecting or attempting to collect any debt . . . owed or due another to the extent that such activity . . . concerns a debt which was not in default at the time it was obtained by such person . . . ." 15 U.S.C. § 1692(a)(6)(F)(iii) ("**Exclusion**"). Here, ACI argues that it falls within the Exclusion because the underlying debt was not in default at the time it filed the Geiger Lien. (*See* Doc. 51, p. 9.) The Court agrees.

The Exclusion covers a person who has "obtained" a debt not in default. *See* 15 U.S.C. § 1692a(6)(F)(iii). While not defined in the statute, courts have routinely applied this language to mortgage servicers, purchasers, and assignees of the debt. *See, e.g.*, *Fenello v. Bank of Am., NA*, 577 F. App'x 899, 902 (11th Cir. 2014); *see also Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985).

In *Carter v. AMC, LLC*, the Seventh Circuit grappled with the difficult question of whether an agent who is authorized to undertake collection activity has "obtained" a debt. 645 F.3d 840, 843 (7th Cir. 2011). If so, and the debt is not in default, the Exclusion would unquestionably apply based on the straightforward language of the statute. The *Carter* court concluded that an entity may "obtain" a debt when it "acquires the authority to collect the money on behalf of another." *Id.* at 844. Persuaded by the *Carter* rationale,

the Court concludes that ACI acquired such authority and, therefore, "obtained" the debt underlying the Geiger Lien when it became Florida Hospital's "authorized agent." (*See* Doc. 1-1.) Having filed the Geiger Lien just two days after Geiger received medical care, the debt was not yet in default. (*See* Doc. 1, ¶ 24.) Hence the Exclusion applies and ACI is not a debt collector under the FDCPA on these facts. Therefore, the FDCPA claim is due to be dismissed.

**B.    FCCPA Claims**

Having dismissed the federal FDCPA claim, the Court declines to exercise supplemental jurisdiction over the remaining state-law claims. *See* 28 U.S.C. § 1367(c)(3).

### IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Accelerated Claims, Inc.'s Motion to Dismiss Counts I and II of Class Action Complaint with Prejudice, and Incorporated Memorandum of Law (Doc. 51) is **GRANTED** to the extent set forth in this Order.

2. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** as to Count I (Doc. 1, ¶¶ 42–48).

3. The Court declines to exercise supplemental jurisdiction over the remaining state-law claims and they are **DISMISSED WITHOUT PREJUDICE** (Doc. 1, ¶¶ 49–69).

4. The Clerk is **DIRECTED** to terminate all pending motions and to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 29, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record